In the Matter of the Claim of DORA WEBB, Respondent, v. POIRIER & McLANE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision of the Workmen's Compensation Board awarding death benefits to the widow and child of George Webb, deceased employee. The sole issue raised on the appeal is whether or not the decedent's death on April 6, 1961 was causally related to the accidental injury of August 4, 1958. The decedent was injured in the course of his employment as a maintenance engineer when he stepped on a rusty nail penetrating his right foot. A gangrenous infection quickly developed requiring amputation of the great toe which was followed thereafter by a mid-thigh amputation of the right leg. Thereafter, the decedent was fitted with a prosthesis and received physical therapy and ambulation training at the Institute of Physical Medicine and Rehabilitation. Prior to the injury, the decedent had been in good health and had performed heavy laborious work for many years. Following the amputation of the leg, he had difficulty adjusting to the use of the artificial prosthesis and there was constant swelling of the amputated leg and crutches were mainly required for ambulation. From January, 1960 until the time of his death, he had five hospital admissions all involving to some degree hypertensive vascular disease and congestive heart failure. Dr. Allen S. Russek, the director of Prosthetic Service for the Institute of Physical Medicine and Rehabilitation at Bellevue Medical Center, testified on behalf of the claimant that, in his opinion, the pre-existing diabetes, the accidental injury to the decedent's foot, the amputations of the right toe and right leg, the use of the artificial limb and consequent strain on the circulatory system were contributory in causing his death. Dr. J. D. Matis, a specialist in cardiology and internal medicine, examined the decedent on August 22, 1960 and testified that the decedent was suffering from diabetes and arteriosclerotic heart disease and, in his opinion, the cardiac condition was not related to the injury. Following the testimony of Dr. Russek and Dr. Matis, the Referee referred the matter to Dr. Irvin Klein, the medical director of the Workmen's Compensation Board, who, after reviewing the entire record, reported that there was no relation between the accident of August 4, 1958 and the death on April 6, 1961. The cause of death was listed as left cerebral infarct, due to hypertension, bronchopneumonia. Dr. Russek stating his opinion that the congestive heart failure contributed to the cause of death said: "Anybody with congestive heart failure who dies of a vascular cause somewhere else, probably had some contribution to that death by the heart, by the congestive failure. I would say it was a participant in the accumulation of circumstances." In view of the conflicting expert opinions, the selection of either is an exercise of the fact-

finding power which is entirely within the province of the board. The testimony of each expert was sufficiently direct and specific to create an issue of fact and to warrant a finding either for or against causal relation. That issue has been resolved in favor of the claimant. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.